IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PARKSIDE-CHAPARRAL APARTMENTS, L.P., | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 1:23-CV-0039 |
| THIRD COAST INSURANCE COMPANY, | § § § | |
| *Defendant.* | § § | |

### DEFENDANT THIRD COAST INSURANCE COMPANY'S
### NOTICE OF REMOVAL

Defendant Third Coast Insurance Company ("Third Coast") files this Notice of Removal pursuant to 28 U.S.C. § 1441, and in support shows the Court as follows:

### I.  BACKGROUND

1. Plaintiff Parkside-Chaparral Apartments, L.P., ("Plaintiff") commenced this lawsuit on December 5, 2022 by filing "Plaintiff's Original Petition" in the 126th Judicial District Court of Travis County, Texas, bearing Cause No. D-1-GN-22-006974 (the "State Court Action").

2. Plaintiff served Third Coast with its Petition on December 14, 2022.

3. Third Coast filed its Original Answer in the State Court Action on January 6, 2023.

4. Third Coast timely filed its Notice of Removal in this Court within 30 days of service of the initial pleading filed in this matter. 28 U.S.C. § 1446(b)(2)(B).

### II.  BASIS FOR REMOVAL

5. Removal is proper under 28 U.S.C. § 1332(a) if there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest, costs and attorneys' fees. These two conditions are satisfied in this matter.

6. There is no dispute that Plaintiff has alleged damages in excess of $75,000.

7. Because there is complete diversity of citizenship, and the amount in controversy exceeds $75,000 (exclusive of interest, costs and attorneys' fees), Third Coast has properly removed this case to federal court.

### III.   ARGUMENTS AND AUTHORITIES

A. **Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiff and Defendant.**

8. Upon information and belief, Plaintiff is a domestic limited partnership organized under the laws of Texas and comprised of two partners, Olin Pacific Corporation and The BJM Family Trust.[1] Certificate of Limited Partnership, **Ex. A-1.**

9. A limited partnership is a citizen of each state in which a partner is a citizen. *See Carden v. Arkoma Assoc.*, 494 U.S. 185 (1990) (holding that a limited partnership has the citizenship of each of its partners, whether general or limited).

10. Olin Pacific Corporation is a corporation organized under the laws of Nevada and has its principal place of business in Nevada[2] and is thus a citizen of Nevada for diversity jurisdiction purposes.

11. For purposes of diversity jurisdiction, the citizenship of a traditional trust is determined solely by the citizenship of the trustee and not the citizenship of the beneficiaries. *See*

---

[1] Parkside-Chaparral Apartments, L.P., Existing Domestic Limited Partnership, Texas Secretary of State (Filing Number 5908310), Original Date of Filing October 1, 1990, (available at https://direct.sos.state.tx.us/corp_inquiry/corp_inquiry-entity.asp?:Sfiling_number=5908310&:Nsession_id=67573465&:Ndocument_number=1212208870002&pgcurrent=1&:Spagefrom=&:Norder_item_type_id=10&:Ncorp_type_id=&:Nfiling_type_id=&:Nunder_lp_entity_type=).

[2] Olin Pacific Corporation, Existing Domestic Corporation, Nevada Secretary of State (Entity Number C9057-1989), (*available at* https://esos.nv.gov/EntitySearch/BusinessInformation).

*Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 383 (2016) (finding that in a traditional trust the trustee's citizenship "is all that matters for diversity purposes.").

12. Upon information and belief, Benjamin Milchiker is the trustee of The BJM Family Trust. Certificate of Limited Partnership, **Ex. A-1.**

13. Upon information and belief, Benjamin Milchiker is domiciled in the State of California and is thus a citizen of California for diversity jurisdiction purposes.

14. Defendant Third Coast is a foreign insurance company organized under the laws of the State of Wisconsin and has its principal place of business in the State of Wisconsin. Third Coast is thus a citizen of Wisconsin for diversity jurisdiction purposes.

15. Since Plaintiff is a citizen of the states of Nevada and California and Defendant is a citizen of the state of Wisconsin, complete diversity of citizenship exists, making removal proper.

**B.   Removal is Proper Because Plaintiff's Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000**

16. Plaintiff has pleaded that it seeks monetary relief over $250,000, which is an amount in excess of $75,000, exclusive of interest, costs and attorneys' fees. *See* Plaintiff's Original Petition, ¶ 6. Therefore, the jurisdictional threshold is met and removal is proper.

### III.   CONCLUSION

17. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the clerk of Travis County, Texas promptly after the filing of this Notice.

18. As required by 28 U.S.C. § 1446(a) and Local Rule CV-3, a copy of each of the following are attached to (or filed contemporaneously with) this Notice:

    (1)   a completed civil cover sheet;

    (2)   an index of documents filed with this Notice of Removal;

    (3)   a copy of the docket sheet in the state court action; and

(4) each document filed in the state court action.

19. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.

THEREFORE, Defendant Third Coast Insurance Company, pursuant to and in conformance with the requirements of 28 U.S.C. §§ 1332, 1441, and 1446, and in accordance with this Court's local rules, removes the case styled *Parkside-Chaparral Apartments, L.P. v. Third Coast Insurance Company*, Cause No. D-1-GN-22-006974, from the 126th Judicial District Court of Travis County, Texas to the United States District Court for the Western District of Texas, Austin Division, and asks that this Court to enter any orders as may be necessary and appropriate.

Respectfully submitted,

**SHACKELFORD, BOWEN, MCKINLEY & NORTON, LLP**

By: */s/ Stephen R. Wedemeyer*
**Stephen R. Wedemeyer**
State Bar No. 00794832
swedemeyer@shackelford.law
**Melissa Arvizu**
State Bar No. 24125896
marvizu@shackelford.law
717 Texas Avenue, 27th Floor
Houston, Texas 77002
Telephone: (832) 415-1801
Fax: (832) 565-9030

**ATTORNEYS FOR DEFENDANT THIRD COAST INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

 I certify that a true and correct copy of the foregoing document was served on counsel for Plaintiff in accordance with Texas Rules of Civil Procedure on the 12th day of January, 2023 on the following:

Matthew Pearson
Jarryd Morton
PEARSON LEGAL, P.C.
425 Soledad, Suite 600
San Antonio, Texas 78205
mpearson@pearsonlegalpc.com
jmorton@personalegalpc.com

*Attorneys for Plaintiff*

                */s/ Stephen R. Wedemeyer*
                Stephen R. Wedemeyer

APPENDIX

                                               **Tab**

**Exhibits**

Exhibit A – Index of Documents Filed With Notice of Removal ..................................... A

    Exhibit A-1 – Certificate of Limited Partnership ................................................ A-1

Exhibit B – State Court Docket Sheet .............................................................................. B

Exhibit C – Index of Documents Filed in State Court ..................................................... C

    Exhibit C-1 – Plaintiff's Original Petition ........................................................ C-1
    Exhibit C-2 – Defendant's Original Answer .................................................... C-2

Exhibit D – Corporate Disclosure Statement ................................................................... D